■ RONALD IAZZETTA, Appellant, v STATE OF NEW YORK,

Respondent.—In a claim to recover damages, *inter alia,* for assault and false arrest, claimant appeals from a judgment of the Court of Claims (Blinder, J.), dated April 9, 1984, which, after trial, dismissed the claim.

Judgment affirmed, with costs.

The record discloses that on October 26, 1978, one Francis Cassidy, then employed as a senior court clerk in the judgment section of the Civil Court of the City of New York, Queens County, became involved in an off-duty altercation with the claimant. During the altercation, Cassidy discharged a firearm, striking claimant in the left leg. The incident occurred near claimant's apartment. Prior thereto, claimant's wife had left the apartment and moved in with Cassidy, her stepfather, and her mother after a dispute with claimant. About a month later, claimant's wife procured a Family Court order enjoining claimant from interfering with her occupancy of the marital apartment. On the same day that the order was issued, claimant and Cassidy met by chance on the road and Cassidy signaled to claimant to pull over. Claimant's wife was with Cassidy. Both men pulled their vehicles over, at which time Cassidy handed claimant some papers, among which was the aforesaid Family Court order of protection. Claimant, who was accompanied by a woman in his vehicle, put the papers away without reading them and drove to the apartment. After examining the papers at the apartment and calling his attorney, claimant and his companion began moving articles from the apartment and loading them in claimant's nearby vehicle. At one point, claimant heard his doorbell ring, and, upon answering it, discovered that his wife and Cassidy were at the door. Claimant refused to let them in, advising Cassidy to "go get a policeman". Cassidy thereafter departed. As claimant was about to complete his final trip, Cassidy reappeared and attempted to prevent claimant from leaving. An altercation ensued, and Cassidy produced a gun. Claimant was able to knock Cassidy down and, thereafter, claimant walked away toward his nearby vehicle. As claimant was entering his vehicle, Cassidy, who had recovered, fired a shot, striking claimant's left leg. Thereafter, claimant instituted the instant suit against the State of New York, contending that Cassidy was acting within the scope of his employment when the altercation ensued. After trial, the Court of Claims dismissed the claim and claimant now appeals. We affirm.

The gravamen of claimant's case for respondeat superior liability rests upon the presumption that Cassidy's status as a "peace officer" is dispositive of the instant inquiry because he

was allegedly attempting to enforce a Family Court order of protection. We disagree. Initially, it is to be noted that "the determination of whether a particular act was within the scope of the servant's employment is so heavily dependent on factual considerations, the question is ordinarily one for the jury" *(Riviello v Waldron,* 47 NY2d 297, 303). In *Riviello,* the Court of Appeals established what it described as "useful guidelines" in determining whether conduct falls within the ambit of employment. Those factors include: the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is commonly done by such an employee; the extent of the departure from normal methods of performance and whether the specific act was one the employer could reasonably have anticipated *(Riviello v Waldron, supra,* at p 303). Application of these criteria to the instant facts discloses that Cassidy's actions were a gross departure from his normal duties and that his status as a peace officer was merely fortuitous. Cassidy's normal place of employment was in the judgment section of the Queens Civil Court where he served as a member of the "back office personnel". His responsibilities included processing papers, answering the questions of lawyers and reviewing documents to be submitted to the Judges. As the Court of Claims noted in its decision, "no testimony was elicited to indicate that the service and enforcement of orders of protection from the Family Court were among his enumerated duties as a Civil Court clerk nor that he was ever commonly called on, in actual practice, to perform such duties as a result of his employment with the defendant. The record is also barren of any evidence indicating that any employee of the defendant, with a position similar to Cassidy's, was ever directed or called upon to perform these activities as part of his or her normal employment".

The nature of Cassidy's employment duties and the circumstances surrounding his altercation with claimant would clearly permit a finder of fact to conclude that Cassidy was acting outside the scope of his employment in furtherance of a solely personal, rather than an official, interest *(cf. Stavitz v City of New York,* 98 AD2d 529, 531).

We have reviewed claimant's remaining contentions and find them to be without merit. Lazer, J. P., Thompson, Weinstein and Niehoff, JJ., concur.