■ CHESKEL HOROWITZ, Appellant, v SEARS, ROEBUCK AND Co., INC., Respondent.—In an action to recover damages for personal injury and breach of warranty, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Edelstein, J.), dated September 22, 1986, which, upon an order granting summary judgment to the defendant, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

Although the plaintiff's allegations indicate he has suffered serious emotional trauma due to the defendant's employee's antisemitic remarks and his physical defacement of the plaintiff's appliances with swastikas, the judgment summarily dismissing his case was correct.

The law clearly holds employers liable in certain circumstances for the tortious acts of employees under a theory of respondeat superior, when the acts complained of were committed within the scope of their employment *(see, Riviello v Waldron,* 47 NY2d 297).

However, if the employee's act was committed for solely personal ends, rather than in furtherance of or as incident to the employer's business, liability for the acts may not be imputed to the employer *(Island Associated Coop. v Hartmann,* 118 AD2d 830; *Iazetta v State of New York,* 115 AD2d 518, *lv denied* 67 NY2d 605).

In the case at bar, the motivation of the salesman in defacing the plaintiff's appliances with swastikas, though unstated, can logically support only one inference; namely, that it was solely personal to him and in no way related to the furtherance of his employer's business. As such, no triable issue of fact remained for the jury concerning whether this act fell within the scope of his employment.

The plaintiff's further contentions concerning a cause of action arising under UCC 2-314 (2) (c) for breach of an implied warranty of merchantability are without merit, since under the statute, the merchant warrants only that the goods sold are fit for their ordinary purpose. In this case, the appliances at issue were fit for their ordinary purposes of laundering clothing. Bracken, J. P., Kunzeman, Eiber and Sullivan, JJ., concur.

■ JULIA JANKOWSKI, Individually and as Limited Adminis-