■ NICOLLETTE T. et al., Appellants, v HOSPITAL FOR JOINT DISEASES/ORTHOPAEDIC INSTITUTE, Respondent. [603 NYS2d 146] —Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about April 7, 1993, which granted defendant's motion for summary judgment dismissing the complaint without prejudice to repleading claims for negligent hiring and for improper supervision, unanimously affirmed, without costs.

While questions of whether an employee's actions fall within the scope of his employment are ordinarily questions of fact for a jury, where there are no disputed facts and there is no question that the employee's acts fall outside the scope of his employment, as here, the determination becomes one of law for the court and not one of fact for the jury *(see, e.g., Horowitz v Sears, Roebuck & Co.,* 137 AD2d 492, *lv denied* 72 NY2d 803; *see generally, Riviello v Waldron,* 47 NY2d 297, 302-303). Moreover, the mere fact that an employee's actions, which are the subject of inquiry, occurred during the time of his employment, does not conclusively demonstrate that said

actions were within the scope of his employment or that he was performing said acts in the furtherance of his employer's business *(see, Heindel v Bowery Sav. Bank,* 138 AD2d 787; *Stavitz v City of New York,* 98 AD2d 529, 531). Clearly, the actions complained of, as a matter of law, were wholly personal in nature, outside the scope of his employment, and not in furtherance of defendant hospital's business *(Cornell v State of New York,* 46 NY2d 1032). Accordingly, the complaint seeking to impose liability upon defendant hospital pursuant to the doctrine of respondeat superior was properly dismissed. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Kassal, JJ.