KIMBERLY KIRKMAN, an Infant, by Her Mother and Natural Guardian, RAE KIRKMAN, et al., Respondents, v ASTORIA GENERAL HOSPITAL et al., Appellants. [611 NYS2d 615] —In an action to recover damages, *inter alia,* for personal injuries, the defendants separately appeal from an order of the Supreme Court, Queens County (Dunkin, J.), dated May 26, 1992, as amended by an order of the same court dated March 17, 1994, which denied their respective motions for summary judgment dismissing the complaint.

Ordered that the order, as amended, is reversed, on the law, with one bill of costs payable to the appellants appearing

separately and filing separate briefs, the motions for summary judgment are granted, and the complaint is dismissed.

The plaintiffs brought this action to recover for personal injuries the minor plaintiff suffered, and for the mother's loss of companionship, after the minor plaintiff was raped by a security guard, employed by the Burns International Security Services, on duty at Astoria General Hospital where the minor plaintiff had been visiting a patient.

A possessor of realty, either as an owner or as a tenant, is under a duty to exercise reasonable care under the circumstances to maintain the property in a safe condition, including the undertaking of minimal precautions to protect members of the public from the reasonably foreseeable criminal acts of third persons (see, *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519; see also, *Provenzano v Roslyn Gardens Tenants Corp.*, 190 AD2d 718, 720). There is no evidence in the record that Astoria General Hospital (hereinafter the hospital) had any knowledge of, or contact with, the Burns International Security Services (hereinafter Burns) employee that would have made the employee's criminal act foreseeable to the hospital.

Further, since the service contract between Burns and the hospital clearly indicated that the security personnel working at the hospital were employed by, and under the direct supervision of, Burns, the hospital cannot be held vicariously liable for the acts of the Burns employee as a matter of law. Accordingly, we conclude that the Supreme Court incorrectly denied the hospital's motion for summary judgment.

The Supreme Court should also have granted Burns's motion for summary judgment. An employer is vicariously liable for the torts of its employee, even when the employee's actions are intentional, if the actions were done while the employee was acting within the scope of his or her employment (see, *Riviello v Waldron*, 47 NY2d 297, 302). However, there is no vicarious liability on the part of the employer for torts committed by the employee solely for personal motives unrelated to the furtherance of the employers' business (see, *Nicollette T. v Hospital for Joint Diseases/Orthopaedic Inst.*, 198 AD2d 54; see also, *Heindel v Bowery Sav. Bank*, 138 AD2d 787, 788; *Horowitz v Sears, Roebuck & Co.*, 137 AD2d 492). In the instant case, the employee's criminal conduct was not incidental to the furtherance of Burns's business. The acts were committed for purely personal motives, and were clearly a departure from any normal security personnel duties.

The plaintiffs also claimed that Burns had negligently hired,

and then failed to properly supervise the employee. While an employer may be required to answer in damages for the tort of an employee against a third party when the employer has either hired or retained the employee with knowledge of the employee's propensity for the sort of behavior which caused the injured party's harm *(see, Detone v Bullit Courier Serv.,* 140 AD2d 278, 279), there is no evidence here that Burns had any such knowledge. Burns conducted a routine, but thorough, pre-employment check into the employee's background, and obtained confirmation from the Department of State, License Division, that the employee had no prior criminal history. Moreover, there is no evidence to support the plaintiff's claim of negligent supervision. Accordingly, we conclude that the Supreme Court incorrectly denied Burns's motion for summary judgment.

In accordance with our decision herein, the complaint is dismissed as against both defendants. Balletta, J. P., Copertino, Hart and Krausman, JJ., concur.