OF UTICA, Appellant. [620 NYS2d 24] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Assuming, arguendo, that defendant was the employer of the summer camp group leader who assaulted the infant, it may not be held liable for his intentional tort because the record establishes as a matter of law that the acts constituting that tort were wholly personal in nature, outside the scope of the counselor's employment and not in furtherance of defendant's business (see, *Joshua S. v Casey,* 206 AD2d 839; *Nicollette T. v Hospital for Joint Diseases/Orthopaedic Inst.,* 198 AD2d 54, 54-55; *Noto v St. Vincent's Hosp. & Med. Ctr.,* 160 AD2d 656, 656-657, *lv denied* 76 NY2d 714; *see generally, Riviello v Waldron,* 47 NY2d 297, 302-303). Moreover, while an employer may be liable if it hired or retained an employee with knowledge of the employee's propensity for the sort of behavior that caused a plaintiff harm, there is no evidence in the record that defendant, assuming that it was the group leader's employer, had such knowledge (see, *Kirkman v Astoria Gen. Hosp.,* 204 AD2d 401; *Detone v Bullit Courier Serv.,* 140 AD2d 278, 279, *lv denied* 73 NY2d 702). (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Pine, J. P., Balio, Lawton, Callahan and Davis, JJ.

■ HIDDEN PONDS OF ONTARIO, INC., Appellant, v GREGORY HRESENT, Respondent. (Appeal No. 1.) [621 NYS2d 961] —Appeal unanimously dismissed without costs (see, *Matter of Laborers Intl. Union v Shevlin-Manning, Inc.,* 147 AD2d 977). (Appeal from Order of Supreme Court, Wayne County, Sirkin, J.—Dismiss Complaint.) Present—Pine, J. P., Balio, Lawton, Callahan and Davis, JJ.

■ HIDDEN PONDS OF ONTARIO, INC., Appellant, v GREGORY HRESENT, Respondent. (Appeal No. 2.) [622 NYS2d 168] —Judgment unanimously modified on the law and as modified affirmed with costs to plaintiff and new trial granted on second cause of action in accordance with the following Memorandum: Plaintiff leased the portion of defendant's property that constituted a "party house," restaurant and adjacent parking lot. During the first 15 months of the lease period, plaintiff