■ LAMONT CURTIS, an Infant, by WARREN S. CURTIS, His Father and Natural Guardian, Respondent, v COUNTY OF ONEIDA, Appellant. [669 NYS2d 997] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Defendant is not liable for the intentional tort of its employee "because the record establishes as a matter of law that the acts constituting that tort were wholly personal in nature, outside the scope of the [employee's] employment and not in furtherance of defendant's business" (*Curtis v City of Utica,* 209 AD2d 1024, 1025; *see, Joshua S. v Casey,* 206 AD2d 839; *Nicollette T. v Hospital for Joint Diseases/Orthopaedic Inst.,* 198 AD2d 54, 55). Although an employer may be liable for hiring or retaining an employee with knowledge of the employee's propensity to engage in the type of behavior that caused the injury to plaintiff's son, defendant submitted proof in admissible form establishing that it had no such knowledge, and the evidence submitted by plaintiff in opposition is insufficient to raise an issue of fact (*see, Curtis v City of Utica, supra,* at 1025; *Kirkman v Astoria Gen. Hosp.,* 204 AD2d 401, 403, *lv denied* 84 NY2d 811, *rearg denied* 85 NY2d 858; *see also, Farrell v McIntosh,* 221 AD2d 312, 313-314, *lv denied* 87 NY2d 809). Finally, the contention of plaintiff that, if defendant had made a more diligent investigation into the employee's background, it would have discovered that the employee had a propensity for violent behavior is based upon nothing more than speculation (*see, Stevens v Lankard,* 31 AD2d 602, 603, *affd* 25 NY2d 640). There is no evidence in the record that the employee was anything more than economically disadvantaged when he was employed to work in defendant's Summer Youth Employment and Training Program. (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Denman, P. J., Hayes, Balio, Boehm and Fallon, JJ.