■ ROMAN M. DUCHE et al., Appellants, v STAR RECYCLING et al., Respondents. [690 NYS2d 605] —In an action to recover damages for wrongful death, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated June 3, 1998, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants established through documentary evidence that the plaintiffs' decedent was injured in the course of his employment with the defendant New York Acquisition Sub, Inc., s/h/a New York Acquisition Sub, Inc., Solid Waste Division, operating under the assumed name of Waste Management of New York, and that the defendant Marcilo Correa was a fellow employee. The defendants further established that defendants Star Recycling, Allied Sanitation, and Resource Company were owned by New York Acquisition Sub, Inc., on the date of the accident. The complaint was properly dismissed as the plaintiffs cannot maintain an action against the employer or fellow employee of the plaintiffs' decedent for the death that arose out of and in the course of the decedent's employment (*see,* Workers' Compensation Law §§ 10, 11, 29 [6];

*Gonzales v Armac Indus.,* 81 NY2d 1; *O'Rourke v Long,* 41 NY2d 219; *McGurran v DiCanio Planned Dev. Corp.,* 251 AD2d 467; *Vanerstrom v Strasser,* 240 AD2d 563). The plaintiffs failed to submit any evidence sufficient to raise a triable issue of fact that the defendants were not immune from suit under the Workers' Compensation Law, and the plaintiffs' mere hope that somehow they will uncover evidence that will prove their case provides no basis pursuant to CPLR 3212 (f) for postponing summary disposition (*see, Agoglia v Sterling Foster & Co.,* 237 AD2d 549; *Plotkin v Franklin,* 179 AD2d 746). O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.