OPINION OF THE COURT
Melvin S. Barasch, J.
*777 Defendant Jewish Board of Family and Children’s Services, Inc., with its related entities as named in the verified complaint (hereinafter referred to as JBFCS), has moved for an order pursuant to CPLR 3211 and 3212 dismissing the plaintiffs complaint on the ground that all causes of action contained therein are barred by the provisions of Workers’ Compensation Law § 11 et seq. The plaintiff, in turn, has cross-moved for an order (a) pursuant to CPLR 3211 (b) denying defendant’s motion for failure to state a defense and (b) striking the defendant’s affirmative defense of workers’ compensation as insufficient as a matter of law pursuant to CPLR 3211 (b).
The instant lawsuit was commenced by the filing of the plaintiffs summons and verified complaint on or about October 16, 1998. Issue was joined as to defendant JBFCS by service of its answer on or about November 23, 1998. As set forth in the complaint, defendant Pearl Residence (Pearl) is the owner of the premises. Defendant JBFCS (and its wholly owned and operated subsidiary, Brooklyn Community Residence) leased the space from Pearl. Plaintiff Evelyn Melo alleges personal injuries sustained as a result of an attack, rape and robbery by an unidentified assailant inside the Brooklyn Community Residence located at 1380 36th Street in Brooklyn, New York. In her response to defendant’s notice to admit dated December 18, 1998, as well as in her verified bill of particulars, plaintiff Evelyn Melo admitted that on the alleged date of the incident, she was an employee of and working for JBFCS. The affidavit of Ellen Josem, Esq., General Counsel for JBFCS, similarly reflects this information.
Defendant movant contends that plaintiffs tort action against it must be dismissed in accordance with the relevant provisions of the Workers’ Compensation Law, which creates an exclusive remedy as to an employee who is injured during the course of employment. (Workers’ Compensation Law § 11; Matter of Malacarne v City of Yonkers Parking Auth., 41 NY2d 189; Duche v Star Recycling, 261 AD2d 503.) However, the gravamen of the plaintiffs cross motion is that the defendant has failed to demonstrate that the plaintiff was the victim of an accidental workplace injury, which would remove her cause of action from the ambit of workers’ compensation.
An employee is entitled to receive compensation on a “no-fault” basis for all injuries “arising out of and in the course of the employment.” (Workers’ Compensation Law § 10 [1]; Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev., 84 NY2d 129.) To effectuate the statutory objectives, *778 Workers’ Compensation Law § 21 (1) creates a presumption that injuries “arising out of and in the course of’ employment are compensable under section 10 (1) as “accidents” (Matter of Richardson v Fiedler Roofing, 67 NY2d 246, 251). Given the remedial nature of the Workers’ Compensation Law, New York’s courts have construed the statute with a view toward giving very wide latitude in determining whether a disabling condition is an accident (Matter of Johannensen v New York City Dept. of Hous. Preservation & Dev., supra, at 134) and the Court of Appeals has noted that an accidental injury must be gauged by the commonsense viewpoint of the average person. (Matter of Middleton v Coxsackie Correctional Facility, 38 NY2d 130, 134; Matter of Masse v Robinson Co., 301 NY 34, 37.)
There are only two exceptions to the finality and exclusivity provisions of the Workers’ Compensation Law. The first, not an issue in this case, is where the employer fails to procure insurance for the purpose of securing the payment of compensation. (Workers’ Compensation Law § 11; O’Rourke v Long, 41 NY2d 219.) The second is where the injury complained of is the product of an intentional and deliberate act of an employer directed at causing harm to an employee. (See, Matter of Blanchard v Integrated Food Sys., 220 AD2d 895; Acevedo v Consolidated Edison Co., 189 AD2d 497.)
Although plaintiff was the victim of a horrifying experience, she has failed to demonstrate that the exclusive remedy of workers’ compensation does not preempt her right to maintain a tort action before this court. Contrary to her contention, defendant has presented ample proof of the fact that it employed the plaintiff at the time of the incident, and that the incident occurred during the course of, and arose out of, the plaintiffs employment. (See, Malacarne v City of Yonkers Parking Auth., supra.) Moreover, the central premise advanced by plaintiff— that this was not an accidental injury — is without merit.
As noted by the Court of Appeals, “The term of art, accidental injury, lacks a statutory definition” (Matter of Johannesen v New York City Dept. of Hous. Preservation & Dev., 84 NY2d 129, 136, supra). Plaintiffs argument that rape is not a compensable injury within the purview of the Workers’ Compensation Law is unsupported in this context by the cited cases which plaintiff purports stand for this assertion. In Joshua S. v Casey (206 AD2d 839), the Appellate Division, Fourth Department, in granting a motion made by defendant employer to dismiss a claim of sexual abuse under the doctrine of respondeat *779 superior, held that the alleged sexual assault by its employee was not within the scope of employment and could not be said to have been in furtherance of the employer’s business. Similarly, in the cited First Department case of Nicollette T. v Hospital for Joint Diseases/Orthopaedic Inst. (198 AD2d 54), workers’ compensation was not an issue and the Court, in affirming dismissal of the complaint, held that the employee’s acts fell outside the scope of his employment. Equally unavailing is plaintiffs reliance on Noto v St. Vincent’s Hosp. & Med. Ctr. (160 AD2d 656) or Curtis v City of Utica (209 AD2d 1024). All of these cases deal with the employer’s liability for intentional tortious acts committed by an employee, and are irrelevant in this context. None support the plaintiffs contention that rape, as an intentional act, cannot be considered an accidental workplace injury.
Similarly misplaced is plaintiffs reliance on the language in Matter of Mintiks v Metropolitan Opera Assn. (153 AD2d 133). In Mintiks, the Workers’ Compensation Board made an award of death benefits in connection with the murder of a violinist during a performance intermission, and the decedent’s husband, who was seeking to pursue a wrongful death action, appealed. The Appellate Division, Third Department, remitted the matter to the Board for clarification as to whether the Board in fact weighed the available evidence and properly determined that the statutory presumption in favor of compensability as set forth in section 21 of the Workers’ Compensation Law was not rebutted. (153 AD2d 133, 138.) Although plaintiff correctly cites language quoted by the Court that “ ‘there is no clearer example of non-industrial motive than rape’ ” (153 AD2d 133, 137), plaintiff fails to acknowledge that in Mintiks, unlike here, the perpetrator was an employee of the respondent. In that regard, the Appellate Division discussed the operative standard for compensable workplace injury in New York as requiring that a rational causal nexus exist between the employment and the injury. (153 AD2d 133, 137.) It then went on to conclude that while there was no basis in the record for concluding that the Metropolitan Opera constituted a dangerous work environment, the issue yet to be determined was whether the Board could properly find, based upon the statutory presumption, that the assault was motivated by some factor, such as animus between the assailant and the decedent, which was related to the decedent’s employment. (153 AD2d 133, 137.)
However, the Mintiks Court never held, as plaintiff incorrectly contends, that “because the woman who was raped and *780 murdered did not know the criminal, it was apparent that the rape and murder did not arise out of the deceased employee’s employment” (plaintiffs mem, at 5). Nor is there support in Mintiks (supra) for the bald assertion that the Court “refused to accept a finding that a sexual assault and murder arose out of the employee’s work relationship” (plaintiffs mem, at 8), since as noted, the Court, troubled by what it perceived to be an incomplete record, remitted the matter for clarification. (Matter of Mintiks v Metropolitan Opera Assn., 153 AD2d, at 138.) Finally, plaintiff fails to acknowledge the holding of the Mintiks Court that “In the context of assaults upon an employee, the causal link may be supplied by a work environment which increased the risk of attack” (153 AD2d 133, 137).
By significant contrast to Mintiks (supra) and cases cited by plaintiff which involved assaults committed by coemployees (e.g., Matter of Scholtzauer v C. & L. Lunch Co., 233 NY 12; Matter of Pryor v Presbyterian Home for Aged Women, 9 NY2d 869) or that occurred outside the physical workplace (Matter of Aierlo v Haft, 247 NY 602) the facts here militate a finding in favor of the presumption of compensability, since they clearly, and admittedly, involve an unknown and unapprehended intruder who breached whatever security was in place at the time in question and assaulted plaintiff (see, Matter of Boston v Medical Servs. for Women, 215 AD2d 845). Plaintiff has relied on misstatements of the law, and unacceptable bald assertions that because of the defendant’s attorney’s conduct in asserting an affirmative defense, the plaintiffs condition worsened. However, plaintiff has failed to show how, if at all, defendant is in any way chargeable with any deliberate conduct directly involving the assault (LaVigna v Capital Cities/ABC, 257 AD2d 470), or succeeded in rebutting the strong presumption set forth in section 21 (1) of the Workers’ Compensation Law. Accordingly, the defendant’s motion for an order dismissing the complaint as to it and its related entities is granted, and the cross motion is denied. The defendant’s application for costs, as set forth in its affidavit in support, is granted.