OPINION OF THE COURT
Robert J. Lunn, J.
The defendant, Reginald Wright, was hired by defendant Research Foundation of the State University of New York (hereinafter Research Foundation) as a counselor for its Educational Talent Search Program. This program’s goal was to identify and assist students who would not traditionally attend college but had the potential to succeed in college. Reginald Wright was stationed at the Jefferson Middle School where he was given his own office.
At the time of the incidents complained of, the infant plaintiff was a seventh grader at Jefferson Middle School. He was not a participant in the Educational Talent Search Program, but was known to defendant Wright through the church that they both attended. Defendant Wright was given the authority by the school district to issue passes to students in order to secure their release from class to go to Mr. Wright’s office. Despite not being enrolled in the Educational Talent Search Program, Wright issued passes to the infant plaintiff to secure his release from class. During an approximately six-month period, defendant Wright sexually abused the student both in his office at the Jefferson Middle School and at the child’s home. No one from Jefferson Middle School asked for or received a list of the students in the Educational Talent Search Program or otherwise verified whether a student was in fact a participant in the program. The district also took no steps to verify whether parental consent had been obtained for each of the students participating in the Educational Talent Search Program.
The child’s mother commenced this action alleging causes of action for negligent supervision, negligent hiring, breach of implied contract and a derivative claim on behalf of herself. Defendants Research Foundation and Rochester City School District now move for summary judgment dismissing the complaint. Plaintiff cross-moves for partial summary judgment regarding liability.
*456 Defendant Research Foundation argues that it is entitled to summary judgment dismissing the complaint against it as plaintiff has presented no proof of any prior knowledge of Wright’s conduct or of any propensity that he may have had to engage in such conduct prior to his arrest. A necessary element of a cause of action for negligent hiring is that the employer knew or should have known of the employee’s propensity for the conduct which caused the injury. (Kenneth R. v Roman Catholic Diocese, 229 AD2d 159 [2d Dept 1997]; Curtis v City of Utica, 209 AD2d 1024 [4th Dept 1994].) In this instance, Wright’s acts constituting the tort were wholly personal in nature, outside the scope of his employment and not in furtherance of the Research Foundation’s business. Accordingly, the employer cannot be held responsible for the employee’s intentional tort on a theory of respondeat superior. (Curtis v City of Utica, 209 AD2d 1024 [4th Dept 1994]; Kirkman v Astoria Gen. Hosp., 204 AD2d 401, 402 [2d Dept 1994].) Plaintiffs claim of negligent hiring also must fail as plaintiff has offered no proof that the Research Foundation had any knowledge of the propensity of Wright to commit sexual abuse on children or that a more thorough background check would have uncovered this knowledge. (See, Curtis v County of Oneida, 248 AD2d 999 [4th Dept 1998]; K. I. v New York City Bd. of Educ., 256 AD2d 189 [1st Dept 1998]; Kirkman v Astoria Gen. Hosp., 204 AD2d 401, 403 [2d Dept 1994], supra.)
Plaintiff has also asserted a cause of action for negligent supervision against both the Research Foundation and the Rochester City School District. Schools are subjected to a higher standard of care than ordinary negligence. As set forth in the seminal case of Hoose v Drumm (281 NY 54, 57-58 [1939]), “a teacher owes it to his charges to exercise such care of them as a parent of ordinary prudence would observe in comparable circumstances.” (Mirand v City of New York, 84 NY2d 44, 49 [1994]; Lawes v Board of Educ., 16 NY2d 302, 305 [1965]; Merkley v Palmyra-Macedon Cent. School Dist., 130 AD2d 937, 938 [4th Dept 1987].) This duty “derives from the simple fact that a school, in assuming physical custody and control over its students, effectively takes the place of parents and guardians.” (Mirand v City of New York, supra, at 49 [1994]; Shante D. v City of New York, 190 AD2d 356, 361 [1st Dept 1993].) The Court of Appeals has called this duty of a school to its students a “special duty” which “requires a school to act when a child, while in its charge, is threatened by the negligence of a third party, and it must make reasonable ef *457 forts to anticipate such threats.” (Pratt v Robinson, 39 NY2d 554, 560 [1976].) Generally, whether the school’s actions were adequate and reasonable and, if they were not, whether the negligence was the proximate cause of plaintiffs injuries, are questions of fact for a jury. (Garcia v City of New York, 222 AD2d 192, 194 [1st Dept 1996].)
This heightened standard of care, that of the reasonably prudent parent, should also be applied to the Research Foundation in its role as administrator of the Educational Talent Search Program. This program provides tutoring, counseling, career guidance and support services to urban middle and high school students in order to provide them with a better opportunity to attend college. Outreach coordinators are placed in the schools. Their function is to recruit students for the program, provide educational, career and financial counseling, arrange and supervise tutoring, organize field trips, assist in SAT preparation and work with parents. Parental consent is necessary to participate in the program. This program, like that of schools in general, acts in loco parentis. As such, parents could expect that the care to be taken of their children while in the program would be that afforded by a reasonably prudent parent. This same standard has been held to apply to voluntary preschool programs and Head Start Programs. (See, Enright v Busy Bee Playschool, 164 Misc 2d 415 [Sup Ct, Rockland County 1995]; Espinal v 570 W. 156th Assocs., 174 Misc 2d 860 [Sup Ct, NY County 1997], affd 258 AD2d 309 [1st Dept 1999].) It is also applicable to the Educational Talent Search Program.
However, in addition to establishing the existence of a legal duty, plaintiff also has the burden of showing a breach of that duty. With regard to the Research Foundation, plaintiff has failed in that regard. Nowhere has plaintiff pointed to any negligent behavior by the Research Foundation in the manner in which it administered the Educational Talent Search Program.
Plaintiff, citing Cornell v State of New York (46 NY2d 1032 [1979]), and pleading a cause of action sounding in implied contract, seeks to hold the Research Foundation vicariously liable for the intentional acts of its employee due to the nature of the relationship entered into between the Educational Talent Search Program coordinator and the student. Plaintiff asks this court to impose absolute liability upon the Research Foundation as employer for any injuries caused by its Educational Talent Search Program coordinator even though he *458 clearly was acting outside the scope of his employment and the Research Foundation was free of fault. As set forth in Cornell, this exception to the general rule has only been applied in extremely unusual situations. (Cornell v. State of New York, supra, at 1033.) It no longer applies to qcts involving common carriers (see, Adams v New York City Tr. Auth., 88 NY2d 116 [1996]) or innkeepers (see, Moritz v Pines Hotel, 52 AD2d 1020 [3d Dept 1976]). In Cornell itself, the Court of Appeals refused to impose absolute liability on the State for a sexual attack by an employee of a State mental health facility upon a patient. It also does not apply to hospitals. (See, e.g., Nicollette T. v Hospital for Joint Diseases/Orthopaedic Inst., 198 AD2d 54 [1st Dept 1993].) If vicarious liability was not seen as appropriate in those situations, it is also not appropriate here. Since “[t]he alleged sexual assault was not within the scope of employment * * * and cannot be said to have been in furtherance of the employer’s business” there can be no liability on the part of the Research Foundation. (Joshua S. v Casey, 206 AD2d 839 [4th Dept 1994].) Summary judgment is therefore granted to the Research Foundation dismissing plaintiffs complaint against it in its entirety.
Plaintiff has raised triable issues of fact on her claim of negligent supervision against the Rochester City School District. The record discloses that for approximately six months a seventh grade child was regularly excused from class in order to meet with a person not employed by the school district in his office behind closed doors for a program in which the child was not even enrolled. It was admittedly against “professional expectations” for the coordinator’s door to be closed while a student was inside his office. The district also had no mechanism in place to verify whether or not a student was in fact a participant in the Educational Talent Search Program. This sufficiently raises triable issues for a jury as to whether the school district, its administrators and its teachers exercised the same degree of care in supervising the infant plaintiff as a reasonably prudent parent in these circumstances. (Shante D. v City of New York, 190 AD2d 356, 361 [1st Dept 1993], supra.)
The district further argues that even if it may be seen to have breached its duty of adequate supervision no liability should still attach as Wright’s acts were not foreseeable. Taking a cue from the Court of Appeals, defendant argues there must be some actual or constructive notice of some prior similar conduct on the part of Mr. Wright. (Mirand v City of New York, 84 NY2d 44, 49-50, supra.) Mirand however dealt with *459 injuries caused by high school students to other high school students. Here we have a seventh grade child meeting behind closed doors with an adult not employed by the school district for a six-month period. As stated by the First Department, “The potential danger to the child under the circumstances of this case can be reasonably foreseen and could have been prevented by adequate supervision of the school.” (Garcia v City of New York, 222 AD2d 192, 196 [1st Dept 1996], supra.) What may be reasonable and prudent for high school students may not apply to middle school students. Where the actions to be taken by the school are so obvious and could easily have prevented the harm notice is not necessarily an issue. (Garcia v City of New York, supra, at 196; Coon v Board of Educ., 160 AD2d 403 [1st Dept 1990]; Gonzalez v Mackler, 19 AD2d 229 [1st Dept 1963].) In this case there certainly was “evidence of a potential for harm” sufficient to raise a question of fact for a jury. (Shante D. v City of New York, supra, at 362.) Defendant Rochester City School District’s motion for summary judgment is denied.
This court cannot however determine the school district’s liability as a matter of law. Accordingly, plaintiffs cross motion is likewise denied.