■ PAUL J.H., Respondent, v WILLIAM D. LUM et al., Appellants, et al., Defendant. [736 NYS2d 561] —Appeals from an order of Supreme Court, Onondaga County (Major, J.), entered May 1, 2001, which denied in part the motions of defendants for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting in its entirety the motion of defendants Matthew H. Clark, the Roman Catholic Diocese of Rochester, the Archdiocese of Rochester, St. Joseph's Church and Our Lady of Mercy Church and dismissing the complaint against them and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he allegedly sustained as the result of being sexually abused by defendant William D. Lum (Lum). At the time the incidents underlying this action occurred, plaintiff was 16 years old and Lum was serving as a priest at defendant Our Lady of Mercy Church in defendant Roman Catholic Diocese of Rochester. Supreme Court properly denied that part of the motion of Lum seeking summary judgment dismissing as time barred the first, third, seventh and eighth causes of action against him. The criminal action against Lum arising from the same event or occurrence from which those causes of action arise terminated less than one year prior to the commence-

ment of this action. Thus, pursuant to CPLR 215 (8), the action was timely commenced with respect to those causes of action. In addition, pursuant to CPLR 213-b, the action was timely commenced within seven years of the crime of which Lum was convicted.

The court also properly granted that part of the motion of Matthew H. Clark, the Roman Catholic Diocese of Rochester, the Archdiocese of Rochester, St. Joseph's Church and Our Lady of Mercy Church (Church defendants) seeking summary judgment dismissing the claims based upon the doctrine of respondeat superior. The sexual abuse of plaintiff by Lum was not within the scope of Lum's employment (*see, Kenneth R. v Roman Catholic Diocese of Brooklyn,* 229 AD2d 159, 161, *cert denied* 522 US 967, *lv dismissed* 91 NY2d 848; *Joshua S. v Casey,* 206 AD2d 839). The court erred, however, in failing to grant in its entirety the motion of the Church defendants seeking summary judgment dismissing the complaint against them. The Church defendants established as a matter of law that they lacked notice of Lum's propensity for the type of behavior causing plaintiff's harm (*see, Curtis v City of Utica,* 209 AD2d 1024, 1025; *Kirkman v Astonia Gen. Hosp.,* 204 AD2d 401, 403, *lv denied* 84 NY2d 811, *rearg denied* 85 NY2d 858), and plaintiff failed to raise a triable issue of fact. Thus, the Church defendants cannot be held liable for their alleged negligent hiring, training, supervision or retention of Lum (*see, Curtis v County of Oneida,* 248 AD2d 999; *Rodriguez v United Transp. Co.,* 246 AD2d 178, 180-181). We therefore modify the order by granting in its entirety the Church defendants' motion and dismissing the complaint against them. Present—Green, J.P., Pine, Kehoe and Gorski, JJ.