■ MARIA COLON et al., as Administrators of the Estate of EFREN G. MONDRAGON, Also Known as EFREN GOMEZ, Deceased, Appellants, v ALDUS III ASSOCIATES et al., Respondents. [745 NYS2d 425] —Order, Supreme Court, Bronx County (Michael DeMarco, J.), entered April 20, 2001, which, in an action arising out of plaintiffs' decedent's fall from a scaffold while doing pointing work on a building owned and managed by defendants, granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The action was properly dismissed as against defendant Triboro Maintenance upon a finding that it was a division of defendant Property Resources Corp. and not a separate entity (*see*, *Levensen v Berkey Professional Processing*, 122 AD2d 867); as against defendant Property Resources Corp. upon a finding that it was the decedent's employer (Workers' Compensation Law §§ 10, 11, 29 [6]; *see*, *Duche v Star Recycling*, 261 AD2d 503); and as against defendant Aldus III Associates, the building's owner and a limited partnership, and defendant NHP/PRC Management Company LLC, the building's managing agent and a joint venture, because Property Resources Corp., the decedent's employer, was a general partner of Aldus and a member of NHP/PRC (*see*, *Rainey v Jefferson Vil. Condo No. 11 Assoc.*, 203 AD2d 544, *lv denied* 84 NY2d 804; *Rossi v C.C.O. Equip.*, 200 AD2d 933, *lv denied* 84 NY2d 802). We have considered and rejected plaintiffs' argument, relying on cases involving corporations (*e.g.*, *Buchner v Pines Hotel*, 87 AD2d 691, *affd* 58 NY2d 1019), that even though partnerships, unlike corporations, have no existence independent of the persons who create or control them (*see*, *Caplan v Caplan*, 268 NY 445, 447), the different names that defendants gave their various associations in order to obtain benefits under article V of the Private Housing Finance Law, and their stringent respect for the separateness of such associations in order to retain those benefits, should preclude them from now claiming that such associations constitute a single integrated enterprise. Concur—Andrias, J.P., Saxe, Ellerin, Marlow and Gonzalez, JJ.