■ Victor Coronel, Respondent, v The Chase Manhattan Bank, Appellant. [798 NYS2d 41]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered July 8, 2004, which, in an action for personal injuries sustained when plaintiff was shot in the face during an attempted robbery while using defendant bank's ATM, denied defendant's motion for summary judgment dismissing the complaint, reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff's bald, unsupported assertion that defendant's outdoor ATM is located in a "high crime" neighborhood is insufficient to rebut defendant's prima facie showing that there was no prior pattern of criminal activity at this particular ATM location such as might have made the assault on plaintiff foreseeable (*see Williams v Citibank*, 247 AD2d 49 [1998], *lv denied* 92

NY2d 815 [1998]; *see also Buckeridge v Broadie*, 5 AD3d 298, 299-300 [2004]). "Without evidentiary proof of notice of prior criminal activity, the owner's duty reasonably to protect those using the premises from such activity never arises" (*Williams*, 247 AD2d at 51). Absent such a duty, it does not avail plaintiff to argue that defendant's motion for summary judgment should be denied because of its failure to produce and/or spoliation of evidence relevant to security at the ATM.

Moreover, in light of our determination of unforeseeability, plaintiff's claim that the lighting over the ATM was "very dim," with some bulbs on and some off, in violation of Administrative Code of the City of New York § 10-160 (a) (6), is insufficient to defeat defendant's summary judgment motion where there is no evidence that the lighting conditions, even if dimmer than required, were a proximate cause of the attempted robbery and assault. Concur—Andrias, Gonzalez and Sweeny, JJ.

Buckley, P.J., dissents in part in a memorandum as follows: I agree that plaintiff's general claims of inadequate security should be dismissed. However, I would affirm the denial of summary judgment with respect to the claim based on defendant's alleged noncompliance with Administrative Code of the City of New York § 10-160.

In contrast to the instant case, it was undisputed in *Williams v Citibank* (247 AD2d 49, 53 [1998], *lv denied* 92 NY2d 815 [1998]), relied on by the majority, that the bank had "complied with each and every requirement of Administrative Code § 10-160." That section, part of title 10 of the Administrative Code, titled "Public Safety," was enacted by the City Council upon its finding that "it is necessary and appropriate for the protection and safety of the public to require banks and other institutions providing ATM services to install certain minimum security measures at each ATM facility," and "that these requirements, including adequate lighting, . . . will significantly enhance the safety and well-being of New York City's residents, workforce and visitors" (Local Law No. 70 [1992] of City of New York § 1, reprinted in Administrative Code § 10-160, Note). In particular, the legislative intent noted:

"From January 1990 to December 1991, the New York Police Department reported 743 robberies and attempted robberies associated with ATMs; the actual number of such crimes is believed to be much higher. Many of these were crimes of extreme violence, such as the shooting of a Manhattan Assistant District Attorney at an ATM in Brooklyn and the murder of Police Sergeant Keith Levine, who was trying to intervene in what appeared to be a robbery at a midtown Manhattan ATM.

"The Council also finds that security measures currently used at the majority of ATM locations are inadequate to protect the public safety . . . The safety of ATM facilities thus frequently differs widely from location to location and the users of such facilities are often vulnerable to robberies and muggings" (*id.*).

In light of the legislative finding that the security measures enumerated in Administrative Code § 10-160 are the minimum safeguards necessary to protect the public from the very type of crime suffered by plaintiff, it cannot be said as a matter of law that the defendant bank's claimed violation of the statute's lighting provisions was not a proximate cause of the attempted robbery and assault. In addition, unlike an owner's general duty to reasonably protect those who are lawfully present, the Administrative Code embodies a specific legislative finding that inadequate lighting at an ATM can render an attempted robbery foreseeable, notwithstanding a lack of prior incidents at the particular ATM in question.