SUMMARY ORDER
The individual defendant Nicole Waite, having reportedly settled the claim against her, is no longer a party to this case. The plaintiff Azariah Richardson now seeks to establish liability for Waite’s actions on the part of her employer, the City of New York. The district court granted summary judgment for the City, and Richardson appeals.
While municipal liability may arise if there was a municipal policy or custom that led to the violation of Richardson’s constitutional rights, there is no such assertion here. Such liability may also arise if municipal defendant failed to train employees to avoid the behavior in question and if the failure rises to the level of deliberate indifference. City of Canton v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). To establish deliberate indifference, a plaintiff must show, inter alia, that it is known to a “moral certainty” that employees will confront a situation that may lead to the violation of a person’s constitutional rights, and that that “situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation.” Walker v. City of New York, 974 F.2d 293, 297 (2d Cir.1992).
The conduct in question — a probation officer’s instigation 35 of sexual relations *582 with a seventeen year old defendant under her supervision — did not involve a situation presenting the officer with a “difficult choice.” Neither do we find anything in the record that would permit a reasonable jury to find that the City was aware of the danger of probation officers in general, or Waite in particular, taking advantage of minors under their supervision in that manner.
Inasmuch as “an employer may be vicariously liable for the tortious acts of its employees only if those acts were committed in furtherance of the employer’s business and within the scope of employment,” N.X. v. Cabrini Med. Ctr., 97 N.Y.2d 247, 251, 739 N.Y.S.2d 348, 765 N.E.2d 844 (2002), Richardson’s state-law claim for vicarious liability also fails: Waite’s actions were not within the scope of her employment. Richardson’s state-law negligence claims also fail because he has failed to show the City knew or should have known about Waite’s alleged propensity to impose herself sexually on minors she was supervising. See Kirkman v. Astoria General Hospital, 204 A.D.2d 401, 402-03, 611 N.Y.S.2d 615 (2d Dep’t 1994); Detone v. Bullit Courier Serv., Inc., 140 A.D.2d 278, 279, 528 N.Y.S.2d 575 (1st Dep’t 1988); Adorno v. Correctional Servs. Corp., 312 F.Supp.2d 505, 519-20 (S.D.N.Y.2004).
Finally, we conclude that the district court did not abuse its discretion in denying Plaintiffs motion to compel discovery, which was filed over one month after the close of discovery, as untimely. See, e.g., Wills v. Amerada Hess Corp., 379 F.3d 32, 41 (2d Cir.2004). We have considered Richardson’s other arguments relating to discovery, and find that the court did not abuse its discretion in that regard.
We have considered all of Richardson’s arguments on this appeal, and for the foregoing reasons and those relied upon by the district court, the judgment of the district court is hereby AFFIRMED.