# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1019**
**CA 11-02535**
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, AND MARTOCHE, JJ.

---

JOHN MAZZARELLA, INDIVIDUALLY AND AS FATHER OF
FOUR MINOR CHILDREN OF AGES 5, 7, 9, AND 11,
PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

SYRACUSE DIOCESE, BISHOP JAMES M. MOYNIHAN,
BISHOP THOMAS J. COSTELLO AND FR. JOHN W.
BRODERICK, DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

JEFF ANDERSON & ASSOCIATES PA, ST. PAUL, MINNESOTA, THE ABBATOY LAW
FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

HANCOCK ESTABROOK, LLP, SYRACUSE (MAUREEN E. MANEY OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS SYRACUSE DIOCESE, BISHOP JAMES M. MOYNIHAN AND
BISHOP THOMAS J. COSTELLO.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Onondaga County (Brian F. DeJoseph, J.), entered February 28,
2011. The order and judgment granted the motion of defendants
Syracuse Diocese, Bishop James M. Moynihan and Bishop Thomas J.
Costello for partial summary judgment dismissing plaintiff's fourth
through sixth causes of action and any individual claims of plaintiff
and denied plaintiff's cross motion for partial summary judgment.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action, individually and as
the father of four children who allegedly were sexually abused,
seeking damages arising from that abuse. In appeal No. 2, plaintiff
appeals from an order and judgment granting the motion of defendants
Syracuse Diocese, Bishop James M. Moynihan, and Bishop Thomas J.
Costello (collectively, Church defendants) for partial summary
judgment dismissing the fourth through sixth causes of action and any
individual claims of plaintiff and denying plaintiff's cross motion
for partial summary judgment on liability on those causes of action.
In appeal No. 3, plaintiff appeals from an order directing the Church
defendants to disclose only certain documents sought by plaintiff,
following Supreme Court's in camera review of those documents and
appropriate redaction thereof.

With respect to the order in appeal No. 2, we note that the fourth and fifth causes of action assert the commission of intentional torts under the theory of respondeat superior. Under that theory, an employer is " 'vicariously liable for the tortious acts of its employees only if those acts were committed in furtherance of the employer's business and within the scope of employment' " (*Burlarley v Wal-Mart Stores, Inc.*, 75 AD3d 955, 956). Although the issue whether a particular act is within the scope of employment is usually one of fact for the jury (*see Riviello v Waldron*, 47 NY2d 297, 302-303), there is no liability as a matter of law if the employee was "acting solely for personal motives unrelated to the furtherance of the employer's business" (*Xin Tang Wu v Ng*, 70 AD3d 818, 819). It is well settled in New York that sexual abuse by clergy is not within the scope or furtherance of the employment (*see Wende C. v United Methodist Church, N.Y. W. Area*, 6 AD3d 1047, 1052-1052, *affd* 4 NY3d 293, *cert denied* 546 US 818; *Paul J.H. v Lum*, 291 AD2d 894, 895; *Joshua S. v Casey*, 206 AD2d 839, 839).

With respect to the sixth cause of action, sounding in breach of fiduciary duty, the Church defendants established that there was no fiduciary relationship between them and plaintiff's family (*see Mars v Diocese of Rochester*, 6 AD3d 1120, 1121, *lv denied* 3 NY3d 608, *rearg dismissed* 5 NY3d 850). Finally, the court properly granted that part of the Church defendants' motion with respect to plaintiff's individual claims inasmuch as plaintiff has not demonstrated any direct harm as a result of the negligence of the Church defendants (*see Dana v Oak Park Marina*, 230 AD2d 204, 207).

In appeal No. 3, plaintiff contends that the court should have ordered disclosure of defendant Father John W. Broderick's complete personnel file rather than only portions of it, following the court's in camera review of the file. Preliminarily, we note that plaintiff does not ask this Court to review the documents in camera but, rather, plaintiff seeks a broad ruling that he was denied due process because of the "method and manner" used by the court in precluding disclosure of some of the documents in the personnel file. Plaintiff's present contention concerning the court's procedure in reviewing the personnel file is unpreserved for our review inasmuch as plaintiff made no objection on the record to that procedure (*see generally Atkins v Guest*, 201 AD2d 411, 411). In any event, we have conducted our own independent review of the documents and conclude that the court did not abuse its discretion in precluding disclosure of portions of the personnel file for the various reasons set forth in the court's decision.

Entered:  November 9, 2012                Frances E. Cafarell
                                          Clerk of the Court