■ DALJIT KUMAR et al., Appellants, v WILLIAM FARBER, Executor of JANICE H. LEVIN, Deceased, et al., Respondents, et al., Defendants. (And a Third-Party Action.) [982 NYS2d 122]—

Judgment, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered March 21, 2013, insofar as appealed from as limited by the briefs, dismissing the complaint as against defendants-respondents, pursuant to an order, same court and Justice, entered December 11, 2012, which, inter alia, granted respondents' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs. Appeal from above order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Respondents established their entitlement to judgment as a matter of law by submitting evidence showing that the criminal assault upon plaintiff Daljit Kumar by an unknown assailant was unforeseeable (see Maria T. v New York Holding Co. Assoc., 52 AD3d 356, 358 [1st Dept 2008], lv denied 11 NY3d 708 [2008]).

Plaintiffs' opposition failed to raise a triable issue of fact. Plaintiffs failed to present competent evidence of past criminal activity of the same or similar type sufficient to warrant the security measures suggested by them, including a stationed guard at the bank's branch and an outdoor CCTV security system at the mall (see Williams v Citibank, 247 AD2d 49 [1st Dept 1998], lv denied 92 NY2d 815 [1998]). Although three prior robberies had taken place at other stores in the mall, two had occurred three years earlier and the third occurred inside a supermarket. None of those prior robberies involved the type of planned ambush on the injured plaintiff, who the robbers knew was at the bank to make a large deposit. Similarly, a prior attempted robbery committed by an individual who attempted to access the bank's night deposit box by ramming it with a stolen construction vehicle is not of a similar type of crime such to make this crime foreseeable. Nor was the crime foreseeable because the shopping mall was partially located within Bronx County, an alleged "high crime" neighborhood (see Coronel v Chase Manhattan Bank, 19 AD3d 310 [1st Dept 2005], affd 8 NY3d 838 [2007]). Concur—Acosta, J.P., Renwick, Moskowitz, Freedman and Feinman, JJ.