Valente v Dave & Buster's of N.Y., Inc. (2018 NY Slip Op 01089)





Valente v Dave & Buster's of N.Y., Inc.


2018 NY Slip Op 01089


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2015-10528
 (Index No. 7782/12)

[*1]John Paul Valente, etc., appellant, 
v
Dave & Buster's of New York, Inc., et al., respondents, et al., defendants (and a third-party action).


Miller Eisenman & Kanuk, LLP, New York, NY (Michael P. Eisenman of counsel), for appellant.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered August 24, 2015, as granted that branch of the motion of the defendants Dave & Buster's of New York, Inc., Dave & Buster's, Inc., and Dave & Buster's Management Corporation, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 8, 2010, the plaintiff was stabbed while at a restaurant and entertainment complex owned and operated by the defendants Dave & Buster's of New York, Inc., Dave & Buster's, Inc., and Dave & Buster's Management Corporation, Inc. (hereinafter collectively the respondents). The plaintiff commenced this action, alleging, among other things, that he was injured as a result of the respondents' inadequate security. The respondents moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, and the Supreme Court granted that branch of their motion.
The respondents had a duty to take minimal security precautions to protect members of the public from reasonably foreseeable criminal acts by third parties (see Sandra M. v St. Luke's Roosevelt Hosp. Ctr., 33 AD3d 875, 878; Ayeni v County of Nassau, 18 AD3d 409, 410; Williams v Citibank, 247 AD2d 49, 51; Kirkman v Astoria Gen. Hosp., 204 AD2d 401, 402). Here, the respondents established their prima facie entitlement to judgment as a matter of law by showing that the criminal assault of the plaintiff was not foreseeable (see Kumar v Farber, 115 AD3d 567; Kranenberg v TKRS Pub, Inc., 99 AD3d 767, 768). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions regarding the respondents' failure to provide adequate security need not be addressed in light of our determination that the assault was not foreseeable.
ROMAN, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court