NELSON ACEVEDO et al., Respondents-Appellants, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant-Respondent, et al., Defendant and Third-Party Plaintiff, et al., Third-Party Defendant.

First Department, April 22, 1993

**APPEARANCES OF COUNSEL**

*Brian E. Cray* of counsel *(Richard W. Babinecz,* attorney), for appellant-respondent.

*Arthur Z. Schwartz* of counsel *(Lewis, Greenwald, Kennedy,*

*Lewis, Clifton & Schwartz, P. C.,* attorneys), for respondents-appellants.

## OPINION OF THE COURT

ELLERIN, J.

The action involved on this appeal arises from the highly publicized explosion, on August 19, 1990, of a steam pipe located at 20th Street between Third Avenue and Irving Place in Manhattan. According to the complaint, the exploding pipe was covered with insulating material containing toxic friable asbestos and, as a result of the explosion, fibers of this material were spewed into the air and onto the public street, with two Consolidated Edison (Con Ed) workers being killed in the explosion itself. Immediately thereafter, numerous Con Ed employees were dispatched to the area to participate in cleaning up the debris. These workers were never informed by their employer of any potential danger associated with exposure to friable asbestos and were not provided with protective clothing or equipment.

The instant action was commenced by certain of the employees who were involved in the cleanup and various members of their families who claim that they were exposed to the asbestos fibers remaining on the clothing and persons of the employees after they returned to their homes. While plaintiffs have alleged causes of action for battery, intentional infliction of emotional distress and public nuisance, there are no allegations that as of the time the action was instituted, any of the plaintiffs had exhibited or were suffering from overt physical symptoms arising from exposure to the toxin. However, plaintiffs have included among the damages sought the expenses for lifetime medical monitoring which has been medically prescribed based on their history of exposure to the toxin. Neither party indicates whether plaintiffs are eligible for monitoring under Federal regulations setting standards for medical monitoring as a result of asbestos exposure (29 CFR 1910.1001 *[1]*; 1926.58).

Following joinder of issue, defendant Con Ed moved for partial summary judgment dismissing all causes of action asserted by the employee plaintiffs on the ground that the claims were barred, as a matter of law, by Workers' Compensation Law § 11. In opposition, the employee plaintiffs argued that the claims were exempted from the Workers' Compensation Law because they involved intentional conduct on the

part of defendant Con Ed and, in addition, that claims for medical monitoring damages were not barred by section 11.

■ The IAS Court found that plaintiffs had not set forth sufficient evidence of intentional misconduct on the part of their employer, Con Ed, to exempt their claims for battery and intentional infliction of emotional distress from the Workers' Compensation Law. The court further found, however, that, regardless of whether an employer's action was intentional, an employee is not barred by section 11 from interposing an action at law to recover the costs of medical monitoring and additionally, that the cause of action for nuisance was not barred by the law.

On this appeal, defendant contends that the court improperly held that the causes of action for medical monitoring and nuisance were excluded from the proscription of section 11 of the Workers' Compensation Law. The employee plaintiffs, on their cross appeal, contend that the court erred in dismissing their claims for battery and intentional infliction of emotional distress.

Section 11 of the Workers' Compensation Law provides, in pertinent part that: "The liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsoever, to such employee, his personal representatives, spouse, parents, dependents or next of kin, or anyone otherwise entitled to recover damages, at common law or otherwise on account of such injury or death".

The type of "injury" for which section 11 prescribes workers' compensation as the sole and exclusive remedy is any accidental injury arising out of and in the course of employment, including diseases or infections which naturally and unavoidably result therefrom (§ 2 [7]; § 10). An "accident" includes disability from an occupational disease (§ 38), which is separately defined as a disease resulting from the nature of employment and contracted therein (§ 2 [15]). The importance of the distinction between disease which is the result of an injury and occupational disease has largely diminished, as strict limitations on the types of occupational diseases covered by the law have been eradicated (§ 3).

There is an exception to the exclusivity of the Workers' Compensation Law "[w]here injury is sustained to an employee due to an intentional tort perpetrated by the employer or at the employer's direction" (Finch v Swingly, 42 AD2d 1035). To sufficiently plead an intentional tort that will neu-

tralize the statute's exclusivity there must be alleged an intentional or deliberate act by the employer directed at causing harm to the particular employee *(Mylroie v GAF Corp.,* 81 AD2d 994). "In order to constitute an intentional tort, the conduct must be engaged in with the desire to bring about the consequences of the act. A mere knowledge and appreciation of a risk is not the same as the intent to cause injury * * * A result is intended if the act is done with the purpose of accomplishing such a result or with knowledge that to a substantial certainty such a result will ensue" *(Finch v Swingly, supra).*

In the instant case the attempt by the employee plaintiffs to couch their claims in terms of the intentional torts of battery and intentional infliction of emotional distress failed to sufficiently demonstrate that the nature of Con Ed's conduct was of the requisite intentional import, and the IAS Court properly dismissed those causes of action. While the conduct alleged might rise to the level of gross negligence, it cannot be said to meet the necessary threshold of a willful intent to harm the particular employee plaintiffs. *(See, Ross v State of New York,* 8 AD2d 902.)

■ The IAS Court erred, however, in finding that the employee plaintiffs' cause of action for public nuisance is maintainable dehors the statute. Even assuming that a private action for a public nuisance was properly pleaded, there is no basis for excluding such cause of action from the clear mandate of section 11 which expressly states that its provisions "shall be exclusive and in place of *any other liability whatsoever, to such employee"* (emphasis supplied).

■ The remaining issue is whether the employee plaintiffs may maintain an action to recover for the costs of regular medical monitoring because of their exposure to fibers of toxic friable asbestos and the increased potential for future illness or disease stemming from such exposure. The IAS Court apparently found that such a claim could be asserted at common law because of the court's conclusion that costs of medical monitoring are not compensable under the Workers' Compensation Law.

While the IAS Court's desire to afford some meaningful redress to employees exposed to a pernicious toxic substance is understandable, unfortunately, the exclusive reach of section 11 is not dependent upon compensability. The courts of this State have long held that, if an injury or disease is covered in

any way by workers' compensation, recovery at law for a particular type of damage resulting from that injury or disease, even though not compensable, will also be barred *(Cifolo v General Elec. Co.,* 305 NY 209, *cert denied* 346 US 874; *Mylroie v GAF Corp., supra; Thompson v Maimonides Med. Ctr.,* 86 AD2d 867). In the instant case, therefore, whether the harm suffered by plaintiff employees from their exposure to the toxic asbestos fibers is characterized as injury or disease, any damage resulting from such harm will clearly have arisen out of plaintiffs' employment and is governed exclusively by the Workers' Compensation Law, irrespective of the adequacy or inadequacy of that law's remedial provisions. *(Cf., Mylroie v GAF Corp.,* 81 AD2d 994, *supra.)* Accordingly, since any remedy for recovery of plaintiff employees' medical monitoring costs must be pursued within the framework of the Workers' Compensation Law, the IAS Court improperly denied defendant's motion for summary judgment seeking dismissal of such causes of action.

While the question of whether or not employee medical monitoring costs are, in fact, recoverable under workers' compensation, is not before us, nor relevant on the issue of the viability of a common-law action for such costs, the record should reflect that the IAS Court's affirmative finding that medical monitoring costs are not compensable through workers' compensation on the ground that workers who have not been rendered unable to earn full wages may not be found to have been "disabled" within the meaning of section 10, is an erroneous statement. In order to recover medical costs under section 13 for a work-related accidental injury or occupational disease, there is no requirement that an employee establish that he or she lost wages as a result of the injury or disease *(Matter of Ryciak v Eastern Precision Resistor,* 12 NY2d 29, 32 [disability may be found to commence "(at) the time of physical impairment *or need of medical care* and before any loss of wages" (emphasis supplied)]; *Matter of Mastrodonato v Pfaudler Co.,* 307 NY 592, *mot to amend remittitur granted* 308 NY 745; 66 NY Jur, Workmen's Compensation, § 466, at 153).

Accordingly, the order of the Supreme Court, New York County (Herman Cahn, J.), entered August 22, 1991, which, *inter alia,* granted the motion of defendant Consolidated Edison insofar as it sought summary judgment against the employee plaintiffs dismissing causes of action for battery and intentional infliction of emotional distress and denied the motion insofar as it sought summary judgment against the

employee plaintiffs dismissing causes of action for public nuisance and for personal injury seeking lifetime medical monitoring damages, should be modified, on the law, to reverse the denial of the motion insofar as it sought summary judgment dismissing causes of action for public nuisance and seeking lifetime medical monitoring damages, to grant summary judgment and to dismiss those causes of action, and should otherwise be affirmed, without costs.

MURPHY, P. J., KUPFERMAN, KASSAL and RUBIN, JJ., concur.

Order of the Supreme Court, New York County, entered August 22, 1991, which, *inter alia,* granted the motion of defendant Consolidated Edison insofar as it sought summary judgment against the employee plaintiffs dismissing causes of action for battery and intentional infliction of emotional distress and denied the motion insofar as it sought summary judgment against the employee plaintiffs dismissing causes of action for public nuisance and for personal injury seeking lifetime medical monitoring damages, is modified, on the law, to reverse the denial of the motion insofar as it sought summary judgment dismissing causes of action for public nuisance and seeking lifetime medical monitoring damages, to grant summary judgment and to dismiss those causes of action, and is otherwise affirmed, without costs. Motion by American Insurance Company to appear as *amicus curiae* denied.