■ WILLIAM FARRELL, Appellant, v JOAN MCINTOSH, Defendant, and LEONARD MCINTOSH et al., Respondents. [633 NYS2d 524] —In an action to recover damages for personal injuries,

the plaintiff appeals from a judgment of the Supreme Court, Queens County (Levine, J.), entered March 10, 1994, which, *inter alia,* dismissed the complaint insofar as it is asserted against the defendants Leonard McIntosh and Leonard McIntosh, Inc.

Ordered that the judgment is affirmed, with costs.

The instant action arises from an incident which occurred on March 20, 1989, when the defendant. Joan McIntosh attempted to commit suicide. Joan jumped from the ninth floor of the building which was her place of employment and collided with the plaintiff, who was erecting scaffolding between the fifth and sixth floors. The plaintiff subsequently commenced suit against Joan, her father, and her father's corporation, where she was employed as an assistant bookkeeper, alleging that the plaintiff suffered severe injuries as a result of the collision with Joan's falling body.

The second and third causes of action in the complaint assert claims against the respondents. However, during the trial, the plaintiff voluntarily discontinued his third cause of action, which had alleged that the respondents, as Joan's employer, were vicariously liable for the damages caused by Joan's tortious action. At the close of the plaintiff's case, the respondents moved to dismiss the remaining cause of action asserted against them and the court reserved decision. After the respondents had presented their case, the court dismissed the plaintiff's case against the respondents, and a judgment in favor of the respondents was entered.

On appeal, the plaintiff contends that the Supreme Court erred in dismissing his case against the respondents. However, contrary to the plaintiff's contention, the Supreme Court's determination was proper.

In his second cause of action, which is the only viable cause of action remaining in this case, the plaintiff alleges that the respondents were negligent in continuing to employ Joan despite knowing that Joan posed a dangerous threat to others. The common law of this State has recognized the existence of such a claim, but only where it is evident that the employer knew or should have known that the employee posed a risk of bodily harm to others *(see, McCrink v City of New York,* 296 NY 99, 106; *Haddock v City of New York,* 140 AD2d 91, 94, *affd* 75 NY2d 478; *Baker v City of New York,* 25 AD2d 770). In such instance, where it is evident that the employer knew or should have known that the employee posed this danger to others, a duty to use reasonable care to abate this risk arises *(see, McCrink v City of New York, supra,* at 106). In this case,

the plaintiff wholly failed to evince facts which would establish that the respondents knew or should have known that Joan posed a risk of bodily harm to others. Indeed, there was no evidence before the jury showing that prior to the acts complained of, Joan had ever, either with or without the knowledge of the respondents, demonstrated any propensity which, under the circumstances, would pose a risk of bodily harm (see, Detone v Bullit Courier Serv., 140 AD2d 278; cf., McCrink v City of New York, supra; cf., Haddock v City of New York, supra; cf., Baker v City of New York, supra; cf., Vanderhule v Berinstein, 285 App Div 290, amended on other grounds 284 App Div 1089). Accordingly, since the plaintiff failed to adduce facts sufficient to give rise to a duty owing to the plaintiff which was breached by the respondents, the Supreme Court properly dismissed his claim against the respondents.

The plaintiff's remaining contentions are without merit. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.