**Linda WALKER, Plaintiff,**

v.

**WEIGHT WATCHERS INTERNATIONAL and Pierre Lilavois, Defendants.**

**No. 96 CV 4386(TCP).**

United States District Court, E.D. New York.

March 13, 1997.

---

Edward D. Ţanenhaus, Thornton & Tanen-
haus, New York City, for Linda Walker.

Alan M. Koral, Vedder, Price, Kaufman,
Kammholz & Day, New York City, for
Weight Watchers Intern., Pierre Lilavois.

### MEMORANDUM AND ORDER

· PLATT, District Judge.

Defendants move to dismiss plaintiff's
State common law claims for failure to state

a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants make the following arguments in support of their motion: (1) the State claims are barred by the New York statute of limitations applicable to intentional torts; (2) the claims are preempted by the New York Workers' Compensation scheme; and (3) WEIGHT WATCHERS INTERNATIONAL, INC. ("Weight Watchers") is not liable for the wrongful acts of PIERRE LILAVOIS because those acts were not within the scope of his employment. As explained more fully below, defendants' motion is granted; the intentional tort claims are barred by the New York statute of limitations and the negligent hiring, retention, and supervision claim is barred by the exclusivity clause of the Workers' Compensation statute.[1]

## BACKGROUND

Weight Watchers hired LINDA WALKER in August 1994 as a data entry clerk. Lilavois was Walker's immediate supervisor from August 1994 until September 1995. Walker alleges that in December 1994 Lilavois sexually harassed her at a Christmas party held for Weight Watchers' employees. She avers that Lilavois continued to make unwanted advances and on many occasions detained plaintiff against her will both in his office, where he touched her breasts, hips, and other body parts, and outside his office on Weight Watchers' premises. Plaintiff contends she consistently rejected Lilavois' advances.

In March 1995, plaintiff filed internal sexual harassment charges against Lilavois. Plaintiff alleges that Weight Watchers organized a meeting to discuss her charges and that Lilavois admitted to inappropriately touching Walker and asking her out on romantic dates. However, according to Walker, Weight Watchers failed to take any action to correct the situation. Rather, Weight Watchers and Lilavois allegedly initiated a course of retribution and retaliation against

Walker which included assignment of physical labor not within her normal job responsibilities, unjustifiable refusal of vacation and personal days, poor performance evaluations which did not accurately reflect her work, and subjection to closer scrutiny than the rest of her co-workers.

On July 6, 1995, Walker filed a complaint with the New York State Department of Human Rights ("SDHR"). SDHR forwarded Walker's complaint to the Equal Employment Opportunity Commission ("EEOC"), which issued Walker a right to sue letter on July 6, 1996. Walker timely filed her Complaint in this action.

Walker's Complaint alleges that the defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and New York's Human Rights Law, N.Y. Exec. Law § 296. The Complaint also sets forth the following common law tort claims: (1) assault and battery, (2) intentional infliction of emotional distress, (3) false imprisonment, and (4) slander and negligence.

## DISCUSSION

In determining whether plaintiff has set forth a claim upon which relief may be granted under Rule 12(b)(6), the Court must accept her factual allegations as true, *Papasan v. Allain,* 478 U.S. 265, 283, 106 S.Ct. 2932, 2943, 92 L.Ed.2d 209 (1986), and construe all allegations in her favor. *La Bounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991).

### A. Worker's Compensation & Respondeat Superior

#### 1. Intentional Tort Claim

Defendants argue that plaintiff's intentional tort claims should be dismissed on the grounds that they are preempted by the Workers' Compensation Law or, alternatively, that Weight Watchers is not responsible for Lilavois' acts because he was not acting within the scope of his employment.

---

1. This Order does not involve or affect plaintiff's claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, as set forth in plaintiff's First, Second, and Sixth Causes of Action of the Complaint. Nor does

this Order involve or affect plaintiff's claims under New York Executive Law §§ 296.1, 296.6, 296.7 as set forth in plaintiff's Fifth Cause of Action.

Though Section 11 of the Workers' Compensation Law provides an exclusive remedy for aggrieved employees, there is a well-established exception for intentional wrongs committed by the employer. *See* N.Y. Work. Comp. Law § 11 (McKinney 1997); *Realmuto v. Yellow Freight Sys., Inc.,* 712 F.Supp. 287, 289 (E.D.N.Y.1989) (Wexler, J.) (recognizing exclusion of intentional torts from exclusivity provision). *See also Acevedo v. Consolidated Edison Co.,* 189 A.D.2d 497, 596 N.Y.S.2d 68, 70–71 (1st Dept.1993).

To fall within the intentional tort exception, the employee must allege that the employer's conduct was "engaged in to bring about the consequences of the act." *Finch v. Swingly,* 42 A.D.2d 1035, 348 N.Y.S.2d 266, 268 (4th Dept.1973). Mere knowledge or appreciation of risk is not sufficient to invoke the exception. *Id. See also Acevedo,* 596 N.Y.S.2d at 70–71 (acknowledging intentional tort exception but stating that there must be "an intentional or deliberate act by employer directed at causing harm to particular employee"); *Ralph v. Oliver,* 186 A.D.2d 977, 588 N.Y.S.2d 444, 444 (4th Dept.1992) (stating assault claim may be maintained outside statutory scheme when employee can demonstrate assault was committed outside scope of employment and done with "deliberate intent or conscious choice"); *Realmuto,* 712 F.Supp. at 289 (stating that a complaint alleging intentional infliction of emotional distress must assert "specific allegations that . . . corporate defendant committed intentional, willful acts").

Though Weight Watchers argues that their actions do not rise to a level sufficient to invoke the exception, dismissal of plaintiff's claim on this basis is inappropriate at this point. Plaintiff's allegations, taken as true, indicate that Weight Watchers' actions may have been "intentional" and could therefore state a claim upon which relief could be granted.

Weight Watchers argues further that it is not liable for Lilavois' wrongful acts because he was not acting within the scope of his employment. In New York, employers are vicariously liable for the wrongful acts of employees acting within the scope of their employment. *Riviello v. Waldron,* 47 N.Y.2d 297, 418 N.Y.S.2d 300, 302, 391 N.E.2d 1278, 1280–81 (1979). The standard for deciding whether an employee was acting within his scope of employment is "whether the act was done while the servant was doing the master's work, no matter how irregularly, or with what disregard of instructions." *Id.* (citations omitted). Determination of whether an employee was "doing the master's work" is such a fact specific inquiry that it is most often a jury question. *Id.* 418 N.Y.S.2d at 303, 391 N.E.2d at 1281–82. The New York Court of Appeals has enumerated the following factors to determine whether an employee's actions fall within the scope of employment:

(1) the connection between the time, place and occasion for the act, (2) the history of the relationship between employer and employee as spelled out in actual practice, (3) whether the act is one commonly done by such an employee, (4) the extent of departure from normal methods of performance, and (5) whether the specific act was one that the employer could reasonably have anticipated.

*Id.*

Walker alleges that Weight Watchers had knowledge of Lilavois' inappropriate behavior and failed to ensure that he stopped. Lilavois was Walker's supervisor and the alleged acts involved acts of supervision. In light of the foregoing discussion, plaintiff's allegations adequately set forth a claim that Weight Watchers' actions were intentional. Weight Watchers therefore could be found liable under a theory of *respondeat superior.*

### 2. Negligent Hiring, Retention, and Supervision

An employer may be held liable for hiring or retaining an employee after the employer knew or should have known that the employee posed a risk to other employees. *Farrell v. McIntosh,* 221 A.D.2d 312, 633 N.Y.S.2d 524, 525 (2d Dept.1995). However, negligent hiring and retention claims brought by an employee are barred by Workers' Compensation. *See Lattibeaudiere v. AMR Serv. Corp.,* 95 Civ. 5269, 1996 WL 518076, at *5 (E.D.N.Y. Sept.3, 1996) (Dearie,

J.) (holding negligent hiring and retention claims barred by Workers' Compensation and finding that such claims constituted effort by plaintiff to avoid one year statute of limitations); *Chrzanowski v. Lichtman,* 884 F.Supp. 751, 756 (W.D.N.Y.1995) (Arcara, J.) (concluding claim of negligent hiring was "clearly" barred by Workers' Compensation Law).

Accordingly, defendants' motion to dismiss plaintiff's claim of negligent hiring, retention, and supervision must be granted.

## B. Tolling of Statute of Limitations

■ New York's Civil Practice Law and Rules Section 215(3) imposes a one year statute of limitations for intentional torts. N.Y. CPLR § 215(3) (McKinney 1997). *See also Koster v. Chase Manhattan Bank N.A.,* 609 F.Supp. 1191, 1197–98 (S.D.N.Y.1985) (dismissing claim of intentional infliction of emotional distress related to allegations of sexual harassment based upon one year statute of limitations under Section 215).

Plaintiff argues that since she was statutorily obligated to delay pursuing her federal claims and federal district courts have supplemental jurisdiction over State claims, the statute of limitations should be tolled during the pendency of her EEOC claims. Pursuant to Title VII, a victim of employment discrimination must file a charge with the EEOC before pursuing an action in federal court. *See* 42 U.S.C. § 2000e–5(b) (1988). Plaintiff contends that refusal to toll the statute of limitations would be in direct opposition to the statutory purpose of Title VII. *See Brown v. Bronx Cross County Medical Group,* 834 F.Supp. 105, 111 (S.D.N.Y.1993) (Edelstein, J.) (reasoning that not tolling statute of limitations during time EEOC complaint was pending obligates plaintiffs to pursue State claims in separate action resulting in judicial inefficiency and undermining purpose behind Title VII of resolving disputes prior to litigation). *See also Anderson v. Yarp,* 94 Civ. 7543, 1996 WL 271891 at *2, 1996 LEXIS 6898, at *7 (S.D.N.Y. May 21, 1996) (Haight, J.) (finding statute of limitations was tolled during pendency of EEOC complaint involving allegations of sexual harassment relying on *Brown* ). A federal district court has supplemental jurisdiction over all State claims that arise out of the same "common nucleus of operative facts" as plaintiff's federal claims. 28 U.S.C. § 1367; *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

Other district courts within the Second Circuit have disagreed with the *Brown* and *Anderson* decisions. *See Hall v. U.S.Air. Inc.,* 95 Civ. 3944, 1996 WL 228458, at *3 (E.D.N.Y. Apr.29, 1996) (Weinstein, J.) (refusing to toll statute of limitations for intentional infliction of emotional distress during pendency of EEOC complaint); *Lamb v. CitiBank, N.A.,* 93 Civ. 2358, 1994 WL 497275, at *8 (S.D.N.Y. Sept.12, 1994) (Mukasey, J.) (finding State claim of intentional infliction of emotional distress distinct from Title VII and Section 1983 claims and refusing to toll statute of limitations); *Taylor v. Levine,* 83 Civ. 4247, 1985 WL 3406, at *2 (E.D.N.Y. Jan.11, 1985) (Nickerson, J.) (reasoning that federal law does not affect State statutes of limitations, court rejected plaintiff's argument that statute of limitations for State defamation action was tolled between filing with EEOC and receipt of right to sue letter).

The Supreme Court has held that the statute of limitations for a Section 1981 claim relating to a Title VII action is not tolled when a complaint is filed with the EEOC. *Johnson v. Ry. Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). In *Johnson,* the plaintiff filed a complaint with the EEOC on May 31, 1967, while still employed by the defendant. *Id.* at 455, 95 S.Ct. at 1717–18. The EEOC did not issue a right to sue letter until January 15, 1971. *Id.* at 456, 95 S.Ct. at 1718. The plaintiff filed a complaint on February 12, 1971, pursuant to Title VII and filed an amended complaint adding a Section 1981 claim on March 18, 1967. *Id.* 456–57, 95 S.Ct. at 1718–19. Plaintiffs then argued that failure to toll the statute of limitations would seriously undermine the purposes of Title VII by forcing them to file expensive litigation to pursue related claims before there was an attempt at voluntary compliance. *Id.* at 457–60, 95 S.Ct. at 1719–20. The Court rejected this argument, reasoning that Title

VII was not intended to deprive a plaintiff of any remedies under federal or State law and that filing with the EEOC was not a prerequisite to a Section 1981 action. *Id.* at 460–61, 95 S.Ct. at 1720–21. The Court determined that the congressional intent behind Title VII was to give claimants a choice to pursue administrative remedies as well as judicial remedies and that these remedies are independent even though the different claims arise from the same course of behavior. *Id.*

The Seventh and Ninth Circuit Court of Appeals have adopted the view that filing an EEOC claim does not toll the statute of limitations applicable to State causes of action. *See Juarez v. Ameritech Mobile Communications, Inc.,* 957 F.2d 317 (7th Cir. 1992); *Arnold v. United States,* 816 F.2d 1306 (9th Cir.1987). In *Juarez,* the court dismissed plaintiff's argument that tolling the statute of limitations on State claims was consistent with the purpose and intent of Title VII. *Juarez,* 957 F.2d at 322–23. The court relied on the reasoning in *Johnson* that Congress' intent was to offer a "separate and independent" remedy; even though State causes of action arise from the same facts, the court ruled, the claims are independent and the filing of a complaint with the EEOC has no effect on the State statute of limitations. *Id.* Similarly, in *Arnold,* the Ninth Circuit found that State claims of assault, false imprisonment, and intentional infliction of emotional distress were distinct from claims under Title VII. *Arnold,* 816 F.2d at 1312–13. The court reasoned that Congress did not intend the separate administrative remedy under Title VII to "delay independent avenues of redress." *Id.* at 1313.

Although plaintiff's State law claims arise from the same set of facts as her Title VII claims, State law and Title VII provide distinct and separate remedies. Plaintiff's State common law claims are based on her right to be free from offensive touching, emotional distress, false imprisonment, slander, and negligence in society generally. Those claims are not predicated on an employer-employee relationship, and filing with the EEOC is not a prerequisite to filing a complaint stating such claims in State court. By contrast, Title VII provides a specific remedy for employees subject to sexual harassment in the workplace. The purpose of Title VII is to provide an additional administrative remedy to a complainant and an opportunity to obtain voluntary compliance from the employer, not to prevent the filing of State common law actions which have an independent basis upon which relief may be granted.

Based on the reasoning of *Johnson* and subsequent case law, the Court finds that the statute of limitations for plaintiff's State common law claims was not tolled during the pendency of her EEOC complaint, and, therefore, the one year statute of limitations is a bar to plaintiff's State common law claims.

### CONCLUSION

Defendants' motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) must be, and the same hereby is, GRANTED on the basis that plaintiff's State common law intentional tort claims are barred by the New York statute of limitations applicable to intentional torts. Defendant's motion to dismiss plaintiff's claim of negligent hiring, retention, and supervision must be, and the same hereby is, GRANTED on the basis that it is barred by the exclusivity provision of the New York Workers' Compensation statute.

SO ORDERED.