**Aubrey CHISHOLM, Plaintiff,**

v.

**MEMORIAL SLOAN–KETTERING, et al., Defendants.**

**No. 09 Civ. 8211(VM).**

United States District Court, S.D. New York.

Oct. 26, 2010.

Molly Smithsimon, Conover Law Offices, Brooklyn, NY, Bradford Darrach Conover, Conover Law Offices, New York City, NY, for Plaintiff.

Terri L. Ross, Joanne Mary Alnajjar, Jones Day, New York, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Aubrey Chisholm ("Chisholm") brought this action against defendants Memorial Sloan–Kettering Cancer Center ("Memorial Sloan–Kettering"), Paul Adamec, Cecile Coiro–Campbell, and Rosanna Fahy (collectively, "Defendants"). Chisholm's amended complaint, dated March 31, 2010 (the "Am. Compl."), asserts claims for (1) employment discrimination and retaliation based on race, color, national origin, and age governed by federal, New York State, and New York City civil rights

statutes; and (2) defamation under New York common law.

After the close of discovery, during an August 3, 2010 telephone conference with the Court, Chisholm agreed to discontinue his causes of action based on discrimination in favor of proceeding with a streamlined litigation based on retaliation and defamation only. During that conference, the Court and the parties also discussed Defendants' contemplated motion for partial summary judgment targeted at Chisholm's defamation claim. After hearing the parties' arguments for and against dismissal of the retaliation count, the Court instructed Defendants to submit a three-page letter-brief articulating their arguments as to why Chisholm's claim was not viable. The Court also directed Chisholm to respond to Defendants' contemplated moving letter-brief with a three-page opposition letter-brief of his own.[1] Finally, the Court indicated that it would deem Defendants' letter-brief as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56") and determine upon a review of the parties' submissions and the evidence on the record whether any genuine issue as to material fact exists to warrant proceeding to trial on Chisholm's defamation claim or whether Chisholm's claim must be dismissed as a matter of law. For the reasons discussed below, Defendants' motion is GRANTED.

## I. DISCUSSION

### A. LEGAL STANDARD

In connection with a Rule 56 motion, "[s]ummary judgment is proper if, viewing all the facts of the record in a light most favorable to the non-moving party, no gen-uine issue of material fact remains for adjudication," *Samuels v. Mockry*, 77 F.3d 34, 35 (2d Cir.1996) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)), and "the movant is entitled to judgment as a matter of law," Fed.R.Civ.P. 56(c)(2). The role of a court in ruling on such a motion "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. United States Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir.1986). The moving party bears the burden of demonstrating that no genuine issue of material fact exists or that, because of the paucity of evidence presented by the non-movant, no rational jury could find in favor of the non-moving party. *See Gallo v. Prudential Residential Servs., L.P.*, 22 F.3d 1219, 1223 (2d Cir.1994).

### B. APPLICATION

At the threshold, Defendants assert that as a matter of law "all of Mr. Chisholm's defamation claims are time-barred under New York's limitations period . . . ." (Def.'s Moving Br. at 2.) Section 215(3) of New York's Civil Practice Laws and Rules states that "an action to recover damages for libel, slander, [or] false words causing special damages" "shall be commenced within one year[.]" C.P.L.R. § 215(3). In the instant case, Chisholm alleges that the defamatory statements were made between April and June of 2007, which was approximately two and a half years prior to the date on which he filed this action. (*See* Am. Compl. ¶¶ 41–42.)

---

**1.** On August 13, 2010, Defendants submitted their moving letter-brief ("Def.'s Moving Br."). On August 26, 2010, Chisholm responded with his opposition letter-brief ("Pl.'s Opp. Br."). On September 2, 2010, Defen-dants submitted, on their own initiative, a reply letter-brief, which Chisholm responded to on September 3, 2010 with a sur-reply letter-brief ("Pl.'s Sur–Reply").

Chisholm, recognizing his repose and the operative deadline, responds that his defamation claims should be equitably tolled because "the facts underlying the state defamation claims are intertwined with the federal retaliation claims." (Pl.'s Sur–Reply at 1.) Citing cases from 1996 and 1997 only, he states that "[a]lthough there is split amongst the district courts [of the Second Circuit], where the facts underlying [the] state law claim are part and parcel of the federal claims as they are here, courts have applied equitably tolling." (Pl.'s Opp. Br. at 3 n. 3.) Based on this "split" and the authority of a few cases that he cites, Chisholm contends that the "Court has discretion [as to] whether to toll [his] defamation claims during the pendency of the EEOC charge." (Pl.'s Sur–Reply at 1.)

At the outset, the Court recognizes that the Second Circuit has not addressed whether the filing of an administrative action with the Equal Employment Opportunity Commission ("EEOC") equitably tolls the statute of limitations of state common law claims that, although discrete from federal employment discrimination claims, arise out of the same circumstances as the plaintiff's federal civil rights causes of action. *See Smith v. Tuckahoe Union Free School Dist.,* No. 03 Civ. 7951, 2009 WL 3170302, at *11 n. 9 (S.D.N.Y. Sept. 30, 2009) ("The Second Circuit has not addressed whether the filing of an EEOC charge as a general matter tolls state law claims...."); *Hargett v. Metropolitan Transit Authority,* 552 F.Supp.2d 393, 400 (S.D.N.Y.2008). A large number of cases at the district court level, however, have opined on this issue. Upon review of these cases and the arguments made by the parties here, although a handful of decisions in this district from well over a decade ago support Chisholm's contention, the Court finds more compelling the reasoning in the great majority of Southern District cases, especially those more recently de-

cided. *See Tuckahoe,* 2009 WL 3170302, at *11 n. 9 (Gardephe, J.) ("With respect to state law torts, the overwhelming weight of authority is that the filing of an EEOC charge does not toll the statute of limitations."); *id.* (collecting cases); *Hargett,* 552 F.Supp.2d at 400 (McMahon, J.) ("The weight of authority ... has held that state common law claims are not tolled during the pendency of an ... EEOC claim." (*quoting Duran v. Jamaica Hospital,* 216 F.Supp.2d 63, 68 (E.D.N.Y.2002)); *Duran,* 216 F.Supp.2d at 67 § collecting cases).

Approximately a year and a half ago, in a well-reasoned opinion, the court in *Hargett* noted the rationale behind both decisions that tolled limitations periods and those that found discrete claims to be time-barred. *See* 552 F.Supp.2d at 400. First, it observed that the minority of "[c]ourts in favor of tolling the statute of limitations as to state claims that arise out of the facts before the EEOC 'have done so for two reasons: (1) to avoid duplicative litigation and judicial inefficiency, and (2) to further one of the central purposes of [federal employment law] by allowing [administrative organizations] the opportunity to investigate allegations of employment discrimination in order to facilitate dispute resolution before litigation commences.'" *Id.* at 400 (first alteration added; second alteration in original) (*quoting Duran,* 216 F.Supp.2d at 67). Second, the court stated that the majority of courts' "rationale for not tolling the statute of limitations is that 'a timely state law complaint could have been filed at the same time ... without the [federal employment law] prerequisite that it go before an administrative body.'" *Id.* (*quoting Duran,* 216 F.Supp.2d at 68) (ellipsis in original). In other words, no federal obstacle interferes with a plaintiff's ability to pursue his claims in a timely fashion under the applicable state law within its limitations period. Lastly, the court pointed out that while the Second Circuit had not expressly decided the is-

sue, the United States Supreme Court provided analogous reasoning in *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), that weighs in favor of not tolling the limitations period in this context. *See id.* at 400–01.

In *Johnson*, the Supreme Court examined "whether the timely filing of a charge of employment discrimination with the Equal Employment Opportunity Commission, pursuant to ... Title VII of the Civil Rights Act of 1964 [ ("Title VII") ], tolls the running of the period of limitation applicable to an action based on the same facts, instituted under 42 U.S.C. [§ ] 1981 [ ("§ 1981") ]." *Johnson*, 421 U.S. at 455, 95 S.Ct. 1716 (citation omitted). The Supreme Court answered the question in the negative, holding that tolling is not appropriate, even when the independent claim accompanies a Title VII action which is being pursued in a prompt and appropriate manner in front of the EEOC. *Id.* at 467, 95 S.Ct. 1716.

In reaching this conclusion, the Supreme Court explicitly considered grounds that could be construed to cut in favor of tolling. The majority opinion explicitly acknowledged that the Court was "not unmindful of the significant delays that have attended administrative proceedings in the EEOC," *id.* at 466 n. 11, 95 S.Ct. 1716, and that it had considered Johnson's argument that failing to toll the statute of limitations on the separate claim in this context "during the pendency of an administrative complaint in the EEOC would force a plaintiff into premature and expensive litigation that would destroy all chances for administrative conciliation and voluntary compliance," *id.* at 465, 95 S.Ct. 1716. "[I]ndeed, it is conceivable, and perhaps almost to be expected, that failure to toll will have the effect of pressing a civil rights complainant who values his [§ ] 1981 claim into court

before the EEOC has completed its administrative proceeding." *Id.* The Supreme Court "recognize[d], too, that the filing of a lawsuit might tend to deter efforts at conciliation, that lack of success in the legal action could weaken the [EEOC's] efforts to induce voluntary compliance, and that a [separate] suit is privately oriented and narrow, rather than broad, in application as successful conciliation tends to be." *Id.* at 461, 95 S.Ct. 1716.

Despite the contemplated practical implications, the majority focused on the two "truly independent" remedies at issue, *id.* at 466, 95 S.Ct. 1716, and that "the filing of a Title VII charge and resort to Title VII's administrative machinery [were] not prerequisites for the institution of [the distinct § ] 1981 action." *Id.* at 460, 95 S.Ct. 1716. Further, the Supreme Court found "no policy reason that excuses petitioner's failure to take the minimal steps necessary to preserve each claim independently." *Id.* at 466, 95 S.Ct. 1716.

Like Johnson's time-barred distinct federal statutory cause of action, Chisholm's untimely separate state common law defamation claim provided a discrete means for recovery. Also as in *Johnson*, no law required Chisholm to submit a claim to the EEOC to commence an independent action for defamation. Chisholm did not need an EEOC right-to-sue letter before filing a claim for defamation in state court; rather, he could have pursued his state law cause of action anytime within a year of the allegedly defamatory statements on which his defamation count is based. Further, he could have obtained an EEOC right-to-sue letter 180 days after the date on which he filed his charge with the administrative agency and pursued both actions in one court at that point in time; but he did not. Accordingly, the Court must dismiss Chisholm's defamation claim as time-barred as a matter of law.[2]

---

**2.** The Court need not address the merits of

Defendants' other arguments for dismissal of

## II. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion of defendants Memorial Sloan–Kettering Cancer Center, Paul Adamec, Cecile Coiro–Campbell, and Rosanna Fahy for partial summary judgment is GRANTED; and it is further

**ORDERED** that a conference is scheduled for December 3, 2010 at 9:15 a.m. to discuss preparations for trial on plaintiff Aubrey Chisholm's remaining claims.

**SO ORDERED.**

Chisholm's defamation claim, as the Court grants their motion for summary judgment as to that claim based on Chisholm's untimely filing.